UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BITMICRO LLC,

                Plaintiff,

      v.

INTEL CORPORATION,

                Defendant.

Case No.  5:23-cv-00625-EJD

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY PENDING INTER PARTES REVIEW**

Re: ECF No. 70

Defendant Intel Corporation ("Intel") moves to stay this patent infringement case pending *inter partes* review ("IPR"). *See* Intel's Notice of Mot. and Mot. to Stay Pending IPR ("Mot."), ECF No. 70. For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** Intel's motion.

Intel manufactures semiconductor chips. *See* Compl., ECF No. 1 ¶ 51. Its products are incorporated into servers, computers, and mobile phones, such as processors, flash memory, SSDs, and field-programmable gate arrays. *Id.* Plaintiff BiTMICRO LLC ("BiTMICRO") owns certain patents containing solid state drive ("SSD") and integrated circuit technology invented by BiTMICRO Networks, Inc. *Id.* ¶¶ 1–2.

BiTMICRO filed a complaint against Intel in the Western District of Texas on March 30, 2022, alleging infringement of the following six U.S. Patent Nos.: 7,826,243 ("'243 patent"); 9,135,190 ("'190 patent"); 8,010,740 ("'740 patent"); 9,858,084 ("'084 patent"); 10,120,694 ("'694 patent"); and 6,496,939 ("'939 patent") (collectively, the "Asserted Patents"). *Id.* ¶¶ 52–58. The inventions contained in the Asserted Patents specifically relate to memory controllers, mapping tables for memory devices, storage device security, memory saving during power loss,

United States District Court
Northern District of California

1   microchip configuration, and system booting.  *Id.* ¶ 14.  The complaint alleges that Intel, either

2   directly or through its subsidiary SK Hynix, imports or sells the following infringing products:

3   vertically stacked integrated circuits; SSDs with SLC caching capabilities; "persistent memory"

4   products; Non-Volatile Memory Express (NVMe) SSDs; Optane SSDs; Optane memory products;

5   FPGA products; RAID Controllers that include modules and adapters, along with RAID

6   Maintenance Free Backup Units (RMFBU); and SSDs with power loss protection.  *Id.* ¶¶ 52–59.

7        In August 2022, Intel filed a motion to transfer venue to this district.  Before the motion

8   was granted, the parties completed claims construction briefing in November and December 2022.

9   *See* ECF Nos. 33, 39, 43, 47.  In February 2023—shortly before the *Markman* hearing was

10  scheduled to be heard—Intel's motion was granted, and the case was transferred to this district.

11  *See* ECF No. 55.

12       In March and April of 2023, Intel filed seven IPR petitions challenging all the Asserted

13  Patents.  *See* ECF No. 68.  Four of these petitions are expected to receive institution decisions by

14  October and November 2023.  Mot. at 3. The last institution decision is expected by December 20,

15  2023.  *See* opp'n at 5; Intel's Reply in Support of Mot. to Stay ("Reply"), ECF No. 74 at 3–4.  On

16  June 12, 2023, Intel moved to stay the case pending IPR.  *See* Mot.  BiTMICRO opposes the

17  motion.  *See* BiTMICRO'S Opp'n to Intel's Mot. to Stay Pending IPR ("Opp'n"), ECF No. 73.

18  BiTMICRO requests that if the Court is inclined to enter a stay, it should expire on December 20,

19  2023, by which time the Patent Trial and Appeal Board ("PTAB") will have issued IPR decisions

20  on all of the Asserted Patents.  *Id.* at 18.

21       "Courts have inherent power to manage their dockets and stay proceedings, including the

22  authority to order a stay pending conclusion of a PTO reexamination."  *Microsoft Corp. v. TiVo*

23  *Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011); *Ethicon, Inc. v.*

24  *Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).  Courts "examine three factors when

25  determining whether to stay a patent infringement case pending review or reexamination of the

26  patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay

27  will simplify the issues in question and trial of the case; and (3) whether a stay would unduly

28  Case No.: 5:23-cv-00625-EJD
    ORDER GRANTING IN PART AND DEN. IN PART MOT. TO STAY PENDING IPR
    2

prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).

First, Intel contends that the proceedings are in their early stage. Intel asserts that "the parties have exchanged only one set of written discovery requests and responses" and substantial fact discovery still lies ahead. Mot. at 4–5. BiTMICRO argues, however, that prior to the case transfer, Judge Albright entered a scheduling order in this case which stated that all pretrial proceedings must be completed by December 17, 2023. Opp'n at 6. According to BiTMICRO, Intel has not demonstrated good cause why this Court should modify or vacate Judge Albright's case schedule. *Id.* at 7. This Court has not yet entered a scheduling order in this case, and this Court is not bound by the case schedule entered prior to transfer. The Court recognizes that, shortly before the case was transferred to this district, the parties completed claim construction briefing and were prepared to attend the *Markman* hearing. Nevertheless, the briefing will need to be updated in accordance with this district's Patent Local Rules.

Since the PTAB has not yet decided whether to move forward with IPR review on any of the asserted claims, the Court finds that a full stay is not yet warranted. Accordingly, this factor weighs in favor of granting a partial stay at this time. *See Evolutionary Intel., LLC v. Apple, Inc.*, No. 13-CV-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014)

Turning to the second factor, Intel argues that a stay will simplify the issues at trial. The Court agrees. If any of Intel's IPRs are successful, some or all of the claims could be found invalid. *Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, No. 5:20-CV-05501-EJD, 2021 WL 1893142, at *1 (N.D. Cal. May 11, 2021) ("[A] stay pending the PTAB's decision on whether to institute IPR petitions will promote efficiency by avoiding the expenditure of limited judicial resources between now and when the last PTAB institution decision will be rendered."); *see also Finjan, Inc. v. Symantec Corp.*, 139 F.Supp.3d 1032, 1037 (N.D. Cal. 2015) ("Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision."). This is particularly true here, where Plaintiff asserts six patents "relating to five different areas of

United States District Court
Northern District of California

technology and seven distinct types of accused products." Mot. at 6. Although the PTAB has not yet decided whether to institute IPR as to any claims, "[g]ranting a four-month stay to provide the PTAB time to consider whether to grant *inter partes* review will minimize the risk of inconsistent results and conserve resources." *Evolutionary Intel., LLC*, 2014 WL 93954, at *3. Accordingly, the second factor also favors granting a partial stay.

Turning to the third and final factor, Intel contends that BiTMICRO will not be prejudiced by granting a stay because Plaintiff is a non-practicing entity that does not practice any of the Asserted Patents. Mot. at 10. However, BiTMICRO argues that it would be tactically disadvantaged by the possibility of lost evidence and faded memories. Opp'n at 9–13. Because the PTAB has not yet granted IPR, if the Court were to fully stay the case there would be no activity in this case for more than a year. BiTMICRO is concerned that this timeframe would drag out even further if Intel were to appeal any of the petitions. Opp'n at 11. The Court believes that entry of a partial stay alleviates many of BiTMICRO's concerns.

BiTMICRO also contends that it is prejudicially delayed in reviewing Intel's source code. According to BiTMICRO, under both the transferor district's and this district's rules BiTMICRO may access source code before litigating validity. Opp'n at 14. Pursuant to Judge Albright's case schedule, Intel was purportedly required to produce its source code by September of 2022,[1] which was interrupted by the case's transfer to this district. *Id.* BiTMICRO asserts that without this source code, it would be prejudiced by being "forced to litigate those same [validity] issues at the PTAB without access to this information." *Id.* at 14. BiTMICRO notes that even under this district's Patent Local Rules 3-1, 3-3, and 3-4(a), Intel would have been required to produce its source code within two months of the parties' initial case management conference. *Id.* at 14–15.

The parties appeared before the undersigned on June 8, 2023 for an initial case

---

[1] There appears to be some disagreement over what was due to be produced on this date. Intel contends that Judge Albright ordered Intel "to produce documents sufficient to show the operation of the accused products, which Intel timely provided by producing copies of confidential specifications and engineering documents." Reply at 9; *see also* ECF No. 45 at 2. Regardless, source code must be produced with invalidity contentions under this district's Local Rules. *See* Patent L.R. 3-3, 3-4(a).

United States District Court
Northern District of California

United States District Court
Northern District of California

1  management conference ("CMC").  During the CMC, Intel informed the Court of its intention to

2  file a motion to stay pending IPR.  *See* ECF No. 69.  As a result, the Court has delayed entry of a

3  case schedule.  Pursuant to Patent Local Rule 3-1, within 14 days of the CMC, "a party claiming

4  patent infringement shall serve on all parties a 'Disclosure of Asserted Claims and Infringement

5  Contentions.'"  Within 45 days of serving these disclosures, the party opposing a claim of patent

6  infringement must serve invalidity contentions, including the production of source code.  Patent

7  L.R. 3-3, 3-4(a).  While 45 days has not yet lapsed as of the date of entry of this Order, "[t]he

8  Northern District of California's Patent Local Rules exist to further the goal of full and timely

9  discovery and provide all parties with adequate notice and information with which to litigate their

10  cases."  *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-CV-00865-SI, 2014 WL 4100638, at *1

11  (N.D. Cal. Aug. 20, 2014) (quotation marks and citation omitted).  To advance this goal and to

12  reduce any additional prejudice to BiTMICRO, the Court will impose the condition that

13  BiTMICRO is permitted to review Intel's source code during the stay.

14      Finally, BiTMICRO also requests that the Court permit it to take discovery regarding

15  obviousness and secondary considerations of nonobviousness while responding to Intel's late-filed

16  IPRs.  Opp'n at 16.  BiTMICRO contends that discovery in IPR proceedings is "severely limited,"

17  and even if it could take this discovery, there are practical difficulties, such as duplication of

18  efforts, to doing so that would purportedly prejudice BiTMICRO.  The Court denies this request.

19  First, the Court notes that the PTAB's rules should determine what the parties are permitted to

20  produce and rely upon.  Second, "the limited nature of PTAB discovery reduces the potential for

21  duplication of efforts."  *Immunex Corp. v. Sanofi*, No. 17-CV-2613-SJOPLAX, 2018 WL

22  11211727, at *2 (C.D. Cal. Jan. 18, 2018).

23      In sum, to avoid the risk of an indefinite stay and balance the interests of both parties while

24  conserving judicial resources, the Court will **GRANT IN PART AND DENY IN PART** Intel's

25  motion and enters a partial stay until the PTAB issues institution decisions.  Accordingly, this

26  action is **STAYED** until December 20, 2023 with the condition that Intel is ordered to permit

27  BiTMICRO to conduct source code review during the stay.

28  Case No.: 5:23-cv-00625-EJD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

The parties are further ordered to file a joint status report within one week of the date of the PTAB's decision regarding Apple's petitions for IPR.  Either party may move to extend the stay upon the PTAB's decision.

**IT IS SO ORDERED.**

Dated: July 27, 2023

EDWARD J. DAVILA
United States District Judge